UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| GERALD WILLIAMS, | |
|---|---|
| Movant, | 19-CV-6848 (JMF) |
| -against- | 13-CR-580-4 (JMF) |
| UNITED STATES OF AMERICA, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

JESSE M. FURMAN, United States District Judge:

The Court previously ordered Movant Gerald Williams to show cause by January 14, 2020, why his motion under 28 U.S.C. § 2255 should not be denied as time barred. *See* 13-CR-580-4, ECF Nos. 276, 281; 19-CV-6848, ECF Nos. 4, 6. On January 21, 2020, having not received any submission from Williams, the Court denied the motion as time barred. *See* 13-CR-580-4, ECF No. 285; 19-CV-6848, ECF No. 7. On January 27, 2020, however, the Court received a letter from Williams responding to the Court's Order to Show Cause. *See* 19-CV-6848, ECF No. 8 ("Movant Ltr.").

The Court need not decide whether to treat Williams's letter as timely because, even if the Court did deem the letter to be timely, the letter would have no impact on the Court's conclusion that the motion is time barred. Williams concedes that his motion, which is based on *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018), is not timely under 28 U.S.C. § 2255(f)(3) because *Townsend* is a decision of the Second Circuit, not the Supreme Court. *See* Movant Ltr. 2. Instead, he contends that his motion should be deemed timely pursuant to Section 2255(f)(4) because it was filed within one year of *Townsend*, which constitutes a new "fact" that he could not previously have "discovered through the exercise of due diligence." *Id.* at 1-2. As many courts have held, however, "a legal decision that does not change any part of the petitioner's own

criminal history" — which is what *Townsend* is here — "constitutes a ruling of law and does not create a new factual predicate for a federal habeas claim." *Tellado v. United States*, 799 F. Supp. 2d 156, 164 (D. Conn. 2011) (Kravitz, J.) (citing cases); *accord Diaz v. United States*, Nos. 13-CV-828 (KMW), 90-CR-861 (KMW), 2014 WL 4449782, *6 n.6 (S.D.N.Y. Sept. 10, 2014) (same).

Accordingly, whether Williams's letter is deemed to be timely (or a timely motion for reconsideration), the Court adheres to its conclusion that the motion is time barred.

Because Williams has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail this Order to Williams.

SO ORDERED.

Dated: January 30, 2020
New York, New York

JESSE M. FURMAN
United States District Judge